[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 29, 1997
The defendant has made a motion to dismiss claiming that the plaintiffs claim is an ERISA claim and, therefore, this court is without jurisdiction to hear this claim since jurisdiction of ERISA claims is exclusively with the federal courts.
The defendant claims that the plaintiffs complaint alleges a common law claim of breach of contract and does not allege an ERISA claim and, therefore, this court is without jurisdiction.
This court's jurisdiction is defined by 29 U.S.C. § 1132
(e) which states:
(1) except for actions under subsection (a)(1)(B) of CT Page 3647 this section, the district courts of the United States shall have exclusive jurisdiction over civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
The actions that are referred to in subsection (a)(1)(B) are those actions "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan."
An examination of the plaintiffs complaint indicates an allegation by the plaintiff that he is the beneficiary of a group health insurance policy issued by the defendant. In addition, an allegation that the plaintiff had a claim for benefits under the plan and, lastly, that the plaintiff is seeking to enforce his rights to recover these benefits that defendant has refused to pay.
It is this court's opinion that a fair reading of plaintiffs complaint brings it within the provisions of an action under subsection (a)(1)(B) and, thus, this court has concurrent jurisdiction.
For the foregoing reasons, defendant's motion to dismiss is denied.
STODOLINK, J.